## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **DAVID ALEXANDER CALLEJAS TABORDA** | |
| Plaintiff | **CASE NO.: 4:26-cv-00250** |
| **v.** | |
| **UNITED STATES OF AMERICA** | |
| Defendant | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff David Alexander Callejas Taborda ("Plaintiff") files this First Amended Complaint complaining of Defendant United States of America ("Defendant"), and for cause of action states the following:

### I.    PARTIES

1.    Plaintiff David Alexander Callejas Taborda is an individual residing in Fort Bend County, Texas.

2.    Defendant, United States of America can be served with process by serving Nicholas J. Ganjei, United States Attorney, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002 and by forwarding a true and correct copy of the summons and Plaintiff's 1st Amended Complaint to the United States Attorney General, The Honorable Pamela Bondi, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530-0001 (via certified mail return receipt requested).

### II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over the lawsuit under the provisions of the Federal Tort Claims Act.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in this district and division as all events that form the basis of this lawsuit occurred in Harris County, Texas.

### III.    COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

5.      Plaintiff has complied with applicable administrative procedures and regulations governing claims asserted under the *Federal Tort Claims Act*, including but not limited to 28 U.S.C. §2401; 28 U.S.C. §2671; 28 U.S.C. §2675; and 39 CFR 912.3, et seq. Plaintiff provided written notice of his claim and executed the Standard Form 95 (along with supportive documents). The United States Postal Service's Tort Claims Examiner/Adjudicator confirmed receipt of the administrative claim on September 9, 2024. The adjudication period of six months since the submission of Plaintiff's claim has expired.

### IV.    FACTS

6.      This lawsuit is based on a motor vehicle incident occurring on May 19, 2024, at or near Younglake Boulevard and North Fry Road in Houston, Texas (hereinafter referred to as "The Collision").

7.      Upon information and belief, Defendant United States of America's employee made an unsafe lane change, causing the crash and Plaintiff's injuries and damages.

8.      Upon information and belief, Defendant United States of America waives its immunity under the Federal Tort Claims Act as its employee, acted within the scope of employment while operating a motor vehicle for the United States Postal Service. 28 U.S.C. § 1346 (b)(1).

9.      Upon information and belief, the Collision was proximately caused by the negligence and / or negligence *per se* of Defendant and Defendant's employee.

### V.    CAUSES OF ACTION

**Negligence, Negligence *Per Se*, and/or *Respondeat Superior***

10.     At the time of The Collision, Defendant United States of America's employee was negligent and / or negligent *per se* in one or more of the following particulars:

a.    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    In failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.    In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.    In failing to yield the right-of-way;

e.    In failing to maintain the vehicle under control;

f.    In following too closely;

g.    In disregarding traffic signals;

h.    In failing to take proper evasive action;

i.    In driving while inattentive;

j.    In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and

k.    In violating Texas Transportation Code Sections 545.351 (maximum speed requirement), 545.060 (driving on roadway laned for traffic) and 545.4251 (use of portable wireless communication device for electronic messaging).

11.     At the time of The Collision, United States of America's employee was acting in the course and scope of employment with Defendant United States of America. As a result, Defendant United States of America is legally liable for the acts and omissions of negligence and/or negligence *per se* of United States of America's employee under the doctrine of *respondeat superior* and under the Federal Tort Claims Act.

12.      Defendant was negligent in hiring the United States Postal Service employee driving the vehicle as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. Defendant was also negligent in its training of United States Postal Service employee driving the vehicle, and its operation of its United States Postal Service vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

13.     Each of the foregoing acts or omissions, singularly or in combination with others,

constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## VI.   PERSONAL INJURIES AND DAMAGES

14.     As a result of Defendant's negligent actions/omissions, Plaintiff David Alexander Callejas Taborda suffered personal injuries. Consequently, Plaintiff David Alexander Callejas Taborda seeks recovery of the following damages:

        a.     <u>Medical Expenses:</u> David Alexander Callejas Taborda incurred bodily injuries which were caused by The Collision and David Alexander Callejas Taborda incurred medical expenses for treatment of such injuries. David Alexander Callejas Taborda believes that, in reasonable medical probability, such injuries will require the need for future medical care.

        b.     <u>Loss of Earning Capacity</u>: David Alexander Callejas Taborda lost earnings as a result of the personal injuries sustained in The Collision. David Alexander Callejas Taborda reasonably believes that such injuries will diminish David Alexander Callejas Taborda's earning capacity in the future.

        c.     <u>Physical Pain</u>: David Alexander Callejas Taborda endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

        d.     <u>Mental Anguish</u>: David Alexander Callejas Taborda endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

        e.     <u>Disfigurement</u>: David Alexander Callejas Taborda endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

        f.     <u>Impairment</u>: David Alexander Callejas Taborda endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

15.     Plaintiff will continue to suffer from these injuries or damages for the rest of his life and seeks compensation for such future damages.

16.    All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## VII.    AGGRAVATION

17.    In the alternative, if it be shown that Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## VIII.    PROPERTY DAMAGE

18.    As a proximate result of the above-detailed conduct on the part of the Defendant's employee, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendant is hereby sued and recovery is sought.

## IX.    U.S. LIFE TABLES

19.    Notice is hereby given to the Defendant that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States.

## X.    RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer and that this case be tried after which Plaintiff recovers:

a.    Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages set forth herein;
b.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;
c.    Post-judgment interest at the maximum rate allowed by law;
d.    Costs of suit; and
e.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES BROWNE LAW**

 /s/ John J. Sinz
**John J. Sinz**
State Bar No. 24143769
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
jsinz@reyeslaw.com

**ATTORNEY FOR PLAINTIFF**